UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL SPENCER, ET AL.**                               **CIVIL ACTION**

**VERSUS**                                                                                **NO. 22-3798**

**ARCH INSURANCE COMPANY, ET AL.**                **SECTION: D (5)**

### ORDER and REASONS

Before the Court is the parties' Proposed Pre-Trial Order, filed in preparation for the jury trial scheduled for October 30, 2023 in this matter.[1] After consideration of the Proposed Pre-Trial Order and the applicable law, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332 and that this matter must be **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.

**I. FACTS AND PROCEDURAL HISTORY**

This case arises from an automobile accident that occurred on or about May 21, 2021 in New Orleans, Louisiana, involving a collision between a 2011 Mack semi-trailer truck driven by defendant, Mauro Izquierdo, and owned by defendants, Beemac, Inc. d/b/a Beemac Trucking and/or Paola Yineth Fonseca Chaves, and a vehicle driven by plaintiff, Michael Spencer, containing plaintiffs, Gregory Ball and Octavius Lewis.[2] Plaintiffs allege that their vehicle was at a complete stop at the intersection of Nashville Street and Front Street, waiting to enter the Port of New Orleans, when the 2011 Mack semi-trailer truck "began to travel in reverse, striking

---

[1] R. Doc. 53.
[2] R. Doc. 1-1 at ¶ III.

the front end of your petitioners' vehicle and causing your petitioners the severe and disabling injuries sued upon herein."[3] Plaintiffs originally filed suit in Civil District Court for the Parish of Orleans, State of Louisiana, on or about May 19, 2022, asserting claims under Louisiana state law against defendants, Izquierdo, Chaves, and Beemac, Inc. d/b/a Beemac Trucking, as well as their alleged insurers, Gallagher Bassett Services, Inc., Arch Insurance Company, and First Guard Insurance Company.[4]

Arch Insurance Company, Beemac Inc. d/b/a Beemac Trucking, Izquierdo, and Chaves (collectively, "Defendants") removed the matter to this Court on October 11, 2022, asserting that the Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.[5] At the Court's request,[6] Defendants filed an Amended Notice of Removal, adequately alleging the citizenship of the parties.[7] Defendants claimed that the removal was timely under 28 U.S.C. § 1446(b) based upon their receipt of Plaintiffs' medical records on September 12, 2022, showing that Plaintiffs had each suffered back injuries, including disc bulges and disc herniations, and that their damages may exceed $75,000.[8] Plaintiffs subsequently filed a Motion to Remand, asserting that Defendants had failed to show that the amount in

---

[3] *Id.*
[4] *Id.* at ¶ I.
[5] R. Doc. 1 at ¶ 12. Gallager Bassett Services, Inc. was dismissed from the litigation prior to removal and First Guard Insurance Company was dismissed from this litigation in February 2023. *See,* R. Doc. 26.
[6] R. Doc. 8.
[7] R. Doc. 9.
[8] *Id.* at ¶¶ 13-19 (*citing* R. Docs. 1-2, 1-3, 1-3, *Donaldson v. Hudson Ins. Co.*, 2012-1013 (La. App. 4 Cir. 4/10/13), 116 So.3d 46; *Buckheister v. U.S. Environmental Services, LLC*, 11-1148 (La. App. 5 Cir. 5/31/12), 97 So.3d 414).

controversy exceeds $75,000 in this matter.[9] The Court held oral argument on December 7, 2022 and issued an oral ruling on the record denying the Motion to Remand.[10] Briefly, the Court determined that because diversity jurisdiction existed as to the claims of Gregory Ball, the Court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims of the other two plaintiffs, Spencer and Lewis.

## II. LAW AND ANALYSIS

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[11] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[12] The removing party has the burden of proving federal diversity jurisdiction.[13] Remand is proper if at any time the court lacks subject matter jurisdiction.[14]

While the Court recognizes that it previously issued an order following oral argument denying Plaintiffs' Motion to Remand, the parties' Proposed Pre-Trial Order, filed on September 28, 2023, brought to light additional information that requires the Court to revisit its prior ruling.[15] Specifically, Michael Spencer's damages at the time of the proposed Pre-Trial Order, September 28, 2023, total

---

[9] R. Doc. 12.
[10] R. Doc. 18.
[11] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[12] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[13] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[14] *See* 28 U.S.C. § 1447(c).
[15] *See*, R. Doc. 53.

$83,588.27 in past medical expenses and $13,060 in lost wages for 2021,[16] and plaintiff Octavius Lewis's damages as of the date of the proposed Pre-Trial Order total $18,495 in past medical expenses, $48,141 in lost wages for 2021 and 2022, and $26,072 in lost royalty, vacation, and holiday pay in 2021 and 2022.[17]

As stated earlier, subject matter jurisdiction must exist at the time of removal to federal court. In order for the Court to have diversity subject matter jurisdiction in this case, Defendants had the burden of proving that each of the plaintiff's claims exceeded $75,000 at the time of removal. In the Amended Notice of Removal, Plaintiffs alleged that Spencer and Lewis were both diagnosed with disc bulges and disc herniations, that Spencer had undergone one epidural steroid injection and had received a recommendation for an additional injection, and that Lewis had received a recommendation to undergo medial branch blocks.[18] Defendants then asserted that Plaintiffs' alleged damages may exceed the sum of $75,000 based upon two Louisiana state cases in which plaintiffs were awarded more than $75,000 where a rhizotomy was either recommended or actually received.[19] According to the allegations in the Amended Notice of Removal, neither Spencer nor Lewis had received a rhizotomy or a recommendation for a rhizotomy. Thus, Defendants failed to show that Spencer and Lewis' claims were likely to exceed the threshold requirement of $75,000 *at the*

---

[16] R. Doc. 53 at pp. 3-4.
[17] *Id.* at pp. 4-5.
[18] R. Doc. 9 at ¶¶ 15 & 16 (*citing* R. Docs. 1-1, 1-3, & 1-4).
[19] R. Doc. 9 at ¶ 17 (citing *Donaldson v. Hudson Ins. Co.*, 2012-1013 (La. App. 4 Cir. 4/10/13), 116 So.3d 46; *Buckheister v. U.S. Environmental Services, LLC*, 11-1148 (La. App. 5 Cir. 5/31/12), 97 So.3d 414).

*time of removal.* Because the Court does not have jurisdiction over the claims of Spencer and Lewis, the Court must remand this action back to state court.

While the Court previously determined that Ball's claims satisfied the amount in controversy requirement, the Court did not make a determination that Spencer or Lewis' claims met the amount in controversy. Instead, the Court chose to use its discretion to exercise supplemental jurisdiction over those plaintiffs' claims.

Upon revisiting the issue of the Court's discretion to exercise supplemental jurisdiction, it is apparent that the Court cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 where there are multiple plaintiffs and multiple defendants and even one plaintiff does not satisfy the amount in controversy requirement. Section 1367 provides that:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.[20]

That however, does not end the inquiry. Where, as here, the "civil action of which the district courts have original jurisdiction [is] founded solely on section 1332," § 1367(b) provides certain exceptions to the broad rule of § 1367(a), limiting the scope of supplemental jurisdiction.[21] Section 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) *over claims by*

---

[20] 28 U.S.C. § 1367(a).
[21] 28 U.S.C. § 1367(b).

> *plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure*, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.[22]

The 28 U.S.C 1367(b) limitation against supplemental jurisdiction for claims by plaintiffs against defendants made parties under Fed. R. Civ. P. 19 and 20 directly controls the case at bar. Here, Ball, Spencer, and Lewis brought claims against four defendants, Arch Insurance Company, Beemac Inc. d/b/a Beemac Trucking, Mauro Izquierdo, and Paola Yineth Fonseca Chaves.[23] Three of these defendants necessarily must have been made a party to this action pursuant to Rule 19 and/or Rule 20, depending on whether their presence in this action is required or not.[24] Accordingly, under the plain language of § 1367(b), the Court is precluded from exercising supplemental jurisdiction over Spencer and Lewis's claims against the Defendants because they are "claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure."[25]

While the Court acknowledges that this decision follows the filing of the Proposed Pre-Trial Order with trial on the horizon, it is this Court's responsibility to determine whether it has subject matter jurisdiction at all times over this matter.

---

[22] *Id.* (emphasis added).
[23] R. Docs. 1 & 1-1.
[24] None of the defendants were made a party pursuant to a third-party impleader under Fed. R. Civ. P. 14 or through intervention under Fed. R. Civ. P. 24. Moreover, the fact that Defendants were joined pursuant to state procedural rules while this action was pending in state court has no bearing here. *See, Gibson v. Am. Min. Ins. Co.*, Civ. A. No. A 08-118-ART, 2008 WL 4602747 (E.D. Ky. Oct. 16, 2008) (explaining that "[t]he Court . . . has been unable to find any support . . . among federal courts" for the proposition that parties joined prior to removal are not considered persons made parties under Rule 20). Once an action is removed to this Court, federal, not state, rules of civil procedure apply to an action. *See,* Fed. R. Civ. P. 81(c)(1).
[25] 28 U.S.C. § 1367(b).

The Proposed Pre-Trial Order alerted the Court to the potential failings of at least one plaintiff to meet the amount in controversy requirement, which necessitated this Court's further review into whether it has subject matter jurisdiction in this case. The Court now determines that it does not, and did not at the time of removal.[26]

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, October 2, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[26] The Court recognizes that this Order comes after the July 24, 2023 discovery deadline and that the parties have been diligently preparing for trial that was set to begin on October 30, 2023. As such, and upon remand, the parties will be in a position to proceed to trial immediately.